BENNET GOUGH *vs.* ANN EDELEN.—*December*, 1847.

There may be a pefectly valid transfer of personal property, both at common law, and under the 17th sec. of the statute of frauds, without either an actual delivery of possession, or a bill of sale.

The act of 1729, ch. 8, was intended for the protection of creditors, and has no application to a sale of personal property *inter partes*.

Although a sale of personal property, of which the vendor retains possession, is void as far as the rights of creditors are concerned, unless there is a bill of sale acknowledged and recorded in the mode prescribed by that act—still it is effectual against the vendor, and all claiming under him.

Where the agent of the plaintiff called on the defendant for the purpose of demanding a slave, the defendant stated she had sold the slave to the plaintiff, but that she ought not to have done so without the assent of her children, and refused to deliver the property, which had always remained in her possession from the time of such alleged sale, the defendant cannot require the court to instruct the jury, that unless they believe there was a sale made valid by delivery, or by bill of sale, duly acknowledged and recorded, the evidence was not sufficient to warrant the jury in finding a sale.

APPEAL from *St. Mary's* County Court.

This was an action of trover, brought by the appellant against the appellee, on the 19th February, 1845. The defendant pleaded *non cul.*

The plaintiff to support the issue on his part joined, proved by *Benj. G. Harris*, a legal and competent witness, that as agent for the plaintiff, he called on the defendant, for the purpose of making a demand for the delivery of the property mentioned in the declaration. That the defendant stated, that she had sold the property to the plaintiff, but that she ought not to have done so without consulting and obtaining the assent of her children to the sale. The plaintiff also proved by the same witness, that on the demand being made by him as agent for plaintiff, the defendant refused to deliver the property. The defendant then proved that she had always remained in the possession of said property from the time of said alleged sale.

The defendant then prayed the court to instruct the jury, that unless they believe from the evidence, there was a sale to the plaintiff by defendant, made valid by delivery of the prop-

erty, or by bill of sale, duly acknowledged and recorded, the plaintiff could not recover, and the evidence detailed above was not sufficient to warrant said finding—which instruction the court gave to the jury. The plaintiff excepted, and prosecuted this appeal.

The cause was argued before Archer, C. J., Dorsey and Martin, J.

By Alexander for the appellant, and
By Causin and Mayer for the appellee.

Martin, J., delivered the opinion of this court.

This was an action of trover, to recover the value of the property mentioned in the declaration; and alleged to have been sold by the appellee to the appellant. Not guilty was pleaded; and the plaintiff proved by a competent witness, that the witness, as the agent of the plaintiff, called on the defendant for the purpose of demanding a delivery of the property in question. That the defendant stated, that she had sold the property to the plaintiff, but that she ought not to have done so without consulting and obtaining the consent of her children to the sale. That the demand being made, the defendant refused to deliver the property.

The defendant then proved, that she had remained in possession of the property from the time of the sale, and prayed the court to instruct the jury, that unless they found that there was a sale to the plaintiff by the defendant, made valid by delivery of possession, or by bill of sale, duly acknowledged and recorded, the plaintiff could not recover; and that the evidence was not sufficient to warrant such finding.

This prayer was granted, and by giving the instruction as thus prayed, the court below announced to the jury, as the law of the case, that there could be no valid sale of the property in controversy, even as between the vendor and vendee, unless the sale was accompanied by delivery of possession, or evidenced by a bill of sale, acknowledged and recorded.

It is a familiar principle, and was not controverted by the counsel for the appellee, that there may be a perfectly valid transfer of personal property, both at common law, and under the seventeenth section of the statute of frauds, without either an actual delivery of possession, or a bill of sale; and we cannot understand the ground upon which this instruction was given by the county court to the jury, except on the supposition, that they considered the case before them, as embraced by the act of assembly of 1729, ch. 8.

But that statute was intended for the protection of creditors, and has no application to a sale of personal property, *inter partes.* By the sixth section, it is expressly declared, " that the act shall not be construed to make void such sale against the seller, his executors, administrators, or assigns, or any claiming under him;" and in the interpretation of this statute, it has always been held, that although a sale of personal property, of which the vendee retains possession, is void, as far as the rights of creditors are concerned, unless there is a bill of sale, acknowledged and recorded in the mode prescribed by the act, it is effectual against the vendor, and all claiming under him.

We think the court below erred in the instruction given by them to the jury; and that their judgment must be reversed.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**